IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANA POUGH,

      Plaintiff,                    No. CIV S-08-0497 LKK EFB P

    vs.

JULIE KAPLAN, et al.,

      Defendants.        ORDER

_____/

        Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Plaintiff has filed an application to proceed *in forma pauperis*, on which the court defers ruling for the reasons set forth below.

        Plaintiff has requested that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

        Plaintiff alleges in his complaint that defendants, without his knowledge, unlawfully extended his parole term past his discharge date, and that this resulted in his conviction for

absconding. Plaintiff's claims implicate the validity of the extension of his parole term and his current confinement pursuant to conviction on the absconding charge. These claims are not cognizable in a civil rights action where, as here, neither the parole extension nor the absconding conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

As a general rule, in federal court an application for writ of habeas corpus is the proper action by which to challenge the legality or duration of a prisoner's custody. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Given that, *inter alia*, plaintiff's claims implicate the validity of the absconding charge as well as the extension of his parole, it may be proper to construe this action as one for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

Good cause appearing, the complaint filed March 5, 2008, will be dismissed and plaintiff will be given an opportunity to file, as appropriate, a habeas corpus petition challenging his current confinement or an amended civil rights complaint raising cognizable claims for relief under 42 U.S.C. § 1983.[2] Any amended pleading must be prepared on the appropriate form, provided with this order, and must bear the case number assigned to this action.

/////

/////

---

[1] The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir.), *cert. Denied*, 478 U.S. 1021 (1986).

[2] Plaintiff is cautioned that if he files an amended civil rights complaint he will incur a liability in the amount of the federal court filing fee of $350.00, for a civil rights action filed in 2008.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's March 5, 2008, request for appointment of counsel, as contained in his complaint, is denied;

2. Plaintiff's complaint is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file, as appropriate, an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; **or** a habeas corpus petition that complies with the requirements of 28 U.S.C. § 2254 and applicable rules.  Any amended pleading must be prepared on a form provided with this order; must bear the docket number assigned this case and must be labeled as an amended pleading.  Plaintiff must file an original and two copies of the amended pleading; failure to file an amended pleading in accordance with this order will result in a recommendation that this action be dismissed; and

4. The Clerk of the Court is directed to send plaintiff the court's form civil rights complaint and the court's form habeas corpus application and accompanying instructions.

Dated:  June 13, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3